UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| NEHEMIAH H. REED, )<br>)<br>*Petitioner* )<br>)<br>vs. )<br>)<br>UNITED STATES OF AMERICA, )<br>)<br>*Respondent* ) | CAUSE NO. 3:04-CV-413 RM<br>(Arising out of 3:02-CR-110(04) RM) |

OPINION and ORDER

In March 2003, Nehemiah Reed pleaded guilty to Count 5 of a superseding indictment charging him with possession with intent to distribute and distribution of less than 5 grams of cocaine base, in violation of 21 U.S.C. § 841(a)(1). At the June 12, 2003 sentencing hearing, Mr. Reed was found to be a career criminal and sentenced to a term of 151 months' imprisonment, to be followed by a three-year term of supervised release. The remaining charges against Mr. Reed in the twenty-count superseding indictment were dismissed. Mr. Reed is now before the court requesting that his sentence be vacated pursuant to 28 U.S.C. § 2255 based on his claim of ineffective assistance of counsel. The government has filed its response, and Mr. Reed his reply. For the reasons that follow, the court denies Mr. Reed's petition.

In Mr. Reed's plea agreement, he waived his right to appeal his sentence and to contest his sentence in a § 2255 proceeding. Mr. Reed's plea agreement, signed

by Mr. Reed, his attorney Anthony Kowals, and Assistant United States Attorney William Grimmer contains the following language in paragraph 9(d):

> (d) I further understand that the offense to which I am pleading falls under the Guidelines promulgated by the United States Sentencing Commission under Title 28, United States Code, Section 994. I am aware that my sentence will be determined in accordance with the United States Sentencing Guidelines and this plea agreement. . . . I agree that the Court has jurisdiction and authority to impose any sentence within the statutory maximum set for my offense(s) as set forth in . . . this plea agreement. With that understanding, I expressly waive my right to appeal my sentence on any ground, including any appeal right conferred by Title 18, United States Code, Section 3742. I also agree not to contest my sentence or the manner in which it was determined in any post-conviction proceeding, including, but not limited to a proceeding under Title 28, United States Code, Section 2255.

Although the paragraph's plain language evidences Mr. Reed's agreement to not contest any sentence or the way it was determined, he now asks that his sentence be vacated, set aside, or corrected pursuant to 28 U.S.C. § 2255.

"Plea agreements are governed under the principles of contract law." United States v. Cieslowski, No. 03-2890, 2005 WL 1324964, at *6 (7th Cir. Jun. 1, 2005). The government is bound by the terms of a plea agreement and must fulfill any promise it makes in exchange for a defendant's plea of guilty. Santobello v. New York, 404 U.S. 257 (1971); United States v. Schilling, 142 F.3d 388 (7th Cir. 1998). Prosecutors do not have the discretion to induce guilty pleas through promises that are not kept, Santobello v. New York, 404 U.S. at 262; United States v. Schilling, 142 F.3d at 395, and defendants are similarly bound. *Cf.* United States v. Bownes, 405 F.3d 634, 636 (7th Cir. 2005) ("In a contract (and equally

2

in a plea agreement) one binds oneself to do something that someone else wants, in exchange for some benefit to oneself. By binding oneself one assumes the risk of future changes in circumstances in light of which one's bargain may prove to have been a bad one. That is the risk inherent in all contracts; they limit the parties' abilities to take advantage of what may happen over the period in which the contract is in effect.").

The waiver in a plea agreement of a right to appeal is enforceable "as long as the record clearly demonstrates that it was made knowingly and voluntarily," United States v. Williams, 184 F.3d 666, 668 (7th Cir. 1999), and a waiver of relief under 28 U.S.C. § 2255 is enforceable within limits. Mason v. United States, 211 F.3d 1065, 1069 (7th Cir. 2000). "[T]he right to mount a collateral attack pursuant to § 2255 survives only with respect to those discrete claims which relate directly to the negotiation of the waiver." Jones v. United States, 167 F.3d 1142, 1145 (7th Cir. 1999). Mr. Reed says that various actions and inactions of his counsel rendered counsel's representation ineffective in violation of the Sixth Amendment to the United States Constitution, thereby justifying his claim for relief under § 2255.

Mr. Reed claims that his counsel was ineffective in the "pre-plea proceedings." He says that while his counsel advised him to waive his right to appeal and to file a § 2255 petition, "such lawyering failed to take into account prevailing and well established law" and the resulting waivers "were premised upon bad legal advice and but for the bad legal advice tendered by counsel, the

3

defendant would never have entered into any plea agreement in this matter." Mr. Reed also claims the court didn't personally address him at the plea hearing "in a manner which would have made appropriate inquiry into the various waivers as contained in the plea agreement and further there was not sufficient probing or explanation of what rights were being surrendered by virtue of the plea agreement." The record of the plea hearing proceedings belies Mr. Reed's factual claims:

> THE COURT: As I understand it, you're aware that people have the right to appeal the sentencing decision and the sentence; but, as I understand it, as part of your agreement, as long as I don't try to impose a sentence longer than Congress said you can get, longer than 20 years, you're giving up that right to appeal, and you're also giving up the right to file any later petition for writ of habeas corpus or other motions challenging the sentence or the way it was determined. Is that your understanding?
> MR. REED: Yes, sir.
> THE COURT: That's an important provision, so I want to be sure that we're all on the same page on that. As I understand it, that means that if, from here on out, I do anything with respect to the sentencing process that you don't think was right, even if you get a longer sentence as a result of it, you couldn't complain about that to this court or any other court. Is that how you understand it?
> MR. REED: Yes, sir, I do understand that.
> THE COURT: And if [AUSA] Grimmer or anyone else from his office were to do anything with respect to the sentencing process that you didn't think was right, even if you got a longer sentence as a result, you couldn't complain about that to this court or any other court. Is that how you understand it?
> MR. REED: Yes, sir, I do understand it.
> THE COURT: And if Mr. Kowals in representing you were to do anything with respect to the sentencing process that you didn't think was right, even if you got a longer sentence as a result of it, you couldn't complain about that to this court or any other court. Is that how you understand it?
> MR. REED: Yes, sir, I do.

Plea Hrg. Tr., at 11-12.

Following the court's further review with Mr. Reed of the terms of his plea agreement – which included a discussion of Mr. Reed's agreements that he wouldn't argue that he was a minor or minimal participant, ask for a downward departure, or ask for other papers or documents relating to this case or the investigation of it, and the government's agreements to recommend that the drug quantity involved didn't exceed five grams of crack cocaine, Mr. Reed receive credit for having accepted responsibility, and the court pick the sentence at the bottom of the applicable guideline range [*see* Plea Hrg. Tr., at 12-16] – Mr. Reed stated that he understood the terms of the agreement:

> THE COURT: That's how I understand your agreement, Mr. Reed. Is that how you understand it?
> MR. REED: Yes, it is, Your Honor.
> THE COURT: Is there anything I said that didn't sound right to you, that you didn't think you had agreed to?
> MR. REED: No.
> THE COURT: Is there anything I did not say that you think the government has promised you or that you have promised the government?
> MR. REED: No.
> THE COURT: So the whole agreement is in those paragraphs I just tried to sum up?
> MR. REED: Yes, Your Honor.

Plea Hrg. Tr., at 16-17.

Mr. Reed now claims the advice he received from his attorney was insufficient and without a basis in "prevailing and well established law," but at the time of his plea, Mr. Reed reported otherwise:

> THE COURT: Now, Mr. Reed, there has been a superseding indictment that was filed in this case. Have you received a copy of the superseding indictment?
> MR. REED: Yes, sir.

5

      THE COURT: Have you reviewed that with [your attorney]?
      MR. REED: Yes, I have.
      THE COURT: Have you told [your attorney] everything that he needs to know about the case in order to represent you here in court, to advise you as to how to proceed?
      MR. REED: Yes, sir.

              \*    \*    \*

      THE COURT: Are you satisfied with the job that [your attorney] has done for you?
      MR. REED: Yes, I am, Your Honor.
      THE COURT: Is there anything he did that you didn't want him to do or anything he did not do that you did want him to do?
      MR. REED: No, sir. He's been kind and courteous.
      THE COURT: Okay. I have here a document entitled, "Petition to Enter a Guilty Plea." . . . And on the last page of my copy, Page 5, there are three signatures. . . . I know Mr. Kowals' signature, your attorney, there in the middle. I know Mr. Grimmer's signature, the Government's attorney, there at the bottom. Is that your signature above Mr. Kowals' signature?
      MR. REED: Yes, it is.
      THE COURT: Did you read this before you signed it, sir?
      MR. REED: Yes, I did.

              \*    \*    \*

      THE COURT: As I understand it, you want to plead guilty to Count 5 of the superseding indictment which charges you with possession with intent to distribute and distribution of cocaine base or crack in violation of federal law; that you want to plead guilty to that charge because you think you are guilty of that charge; and that the other counts against you are going to be dismissed at the time of sentencing if I accept the plea agreement. Is that how you understand [the first paragraph of your agreement]?
      MR. REED: Yes, sir.

Plea Hrg. Tr., at 5-8.

      Mr. Reed acknowledged under oath that he understood the specifics of his plea agreement, including the consequences of the waiver of his right to appeal and to file a § 2255 petition, and stated that he was satisfied with the representation provided by his attorney. "These representations are presumed truthful," United States v. Loutos, 383 F.3d 615, 619 (7th Cir. 2004), and Mr.

6

Reed's claims to the contrary are unsupported and without merit. *See* United States v. Suggs, 374 F.3d 508, 520 (7th Cir. 2004) (the defendant's motion "directly contradicts his statements at the change of plea hearing; his motion lacks any proof for his allegations besides his own self-serving assertions").

Mr. Reed also says that had he not received bad legal advice, he wouldn't have pleaded guilty. At his change of plea hearing, though, Mr. Reed confirmed that his plea was knowing and voluntary and based on his guilt:

> THE COURT: Has anybody used any force or made any threats against you to get you to enter into plead guilty, sir?
> MR. REED: No, sir.
> 
> \* \* \*
> 
> THE COURT: Do you understand that, if you plead guilty, there won't be a trial, whether next Monday or any other time; instead, you will have waived or given up that right to a trial . . . and all the rights that go along with a trial that I just described?
> MR. REED: Yes, I do.
> THE COURT: Do you still want to plead guilty, sir?
> MR. REED: Yes, I do.
> THE COURT: Why do you want to plead guilty, Mr. Reed?
> MR. REED: Because I'm guilty, Your Honor.

Plea Hrg. Tr., at 18, 20. Mr. Reed "must overcome the presumption of verity that attaches to [statements made at the Rule 11 colloquy]." United States v. Suggs, 374 F.3d 508, 520 (7th Cir. 2004). He hasn't done so.

To prevail on his claim of ineffective assistance of counsel, Mr. Reed is required "to demonstrate both that [his counsel's] performance was 'objectively unreasonable' and that, but for [counsel's] errors, [he] would not have pleaded guilty." United States v. Carroll, No. 04-1485, 2005 WL 1433880, at *4 (7th Cir. Jun. 21, 2005). Mr. Reed must point to specific acts or omissions by his counsel

7

that "were made outside the wide range of professional competent assistance" such that the advice rendered by counsel fell "below prevailing professional norms." Coleman v. United States, 318 F.3d 754, 758 (7th Cir. 2003).

Mr. Reed hasn't carried his burden: he hasn't demonstrated that counsel's performance was objectively unreasonable based on his claim that he wasn't informed of the consequences of the waivers in his plea agreement or his complaint that no appeal was filed; Mr. Reed has provided no support for his assertion that his attorney was ineffective because counsel "was unaware of controlling law;" nor has Mr. Reed provided any support for, or argument related to, his statement that "but for the bad legal advice tendered by counsel, the defendant would never have entered into any plea agreement in this matter." Mr. Reed's remaining claims don't relate to the issue of a deficient negotiation of the waiver in his plea agreement,[1] *see* Jones v. United States, 167 F.3d 1142, 1145

---

[1] The remaining claims of the petition include:

Mr. Reed's complaint that his attorney was "apparently unaware of controlling law which precluded, or should have precluded entry of a guilty plea to the criminal charges, when the threshold of the criminal activity was or should have been more specifically governed by 21 U.S.C. 844 and/or 841(D)." Mr. Reed's claim that the criminal activity in which he engaged was "simple possession" under 21 U.S.C. § 844 is without merit based on Mr. Reed's admission at his change of plea hearing that he sold about $50 worth of crack. *See* Plea Hrg. Tr., at 9.

Mr. Reed complains that he wasn't properly informed about the possibility of being sentenced as a career criminal and claims his attorney was unaware that a downward departure could have been made if sentencing as a career criminal was sought. This claim, too, is without merit; Mr. Reed's attorney filed a motion for a downward departure, in which counsel specifically argued that "application of § 4B1.1 in Mr. Reed's case results in a level of sentencing which overstates the seriousness of [Mr. Reed's] criminal history as a small time user/seller." That the motion for downward departure was denied doesn't establish ineffective assistance of counsel.

Mr. Reed's other claims – that he has been deprived of a full, fair, and appropriate right to collaterally attack his California and Indiana state court convictions, and that there was no "status pro quo" provided by the government because, according to Mr. Reed, the government "gave nothing for the plea that defendant was not already entitled to" – aren't claims properly remedied

(continued...)

(7th Cir. 1999) ("the right to mount a collateral attack pursuant to § 2255 survives only with respect to those discrete claims which relate directly to the negotiation of the waiver"), and, accordingly, his claim for relief filed pursuant to 28 U.S.C. § 2255 is DENIED.

    SO ORDERED.

    ENTERED:   June 24, 2005

                                 /s/ Robert L. Miller, Jr.
                                 Chief Judge
                                 United States District Court

cc:    N. Reed
       AUSA Hays

---

[1](...continued)
under § 2255, which provides relief from sentences that are in excess of the maximum authorized by law, imposed by a court without jurisdiction, or imposed in violation of the Constitution or laws of the United States. See Hays v. United States, 397 F.3d 564, 566-567 (7th Cir. 2005).